IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JERYME MORGAN, #R29175,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 24-cv-01596-SMY |
| ) | |
| **LT. REID, C/O KHOBE,** ) | |
| **WARDEN BROOKHART,** ) | |
| **ASST. WARDEN JENNINGS,** ) | |
| **PROGRAMS WARDEN JOHN DOE,** ) | |
| **MAJOR JOHN DOE 1,** ) | |
| **SERGEANT JOHN DOE 2, and** ) | |
| **PLACEMENT OFFICER JANE DOE,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jeryme Morgan, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Danville Correctional Center, brings this lawsuit pursuant to 42 U.S.C. § 1983 for constitutional deprivations that allegedly occurred at Lawrence Correctional Center. (Doc. 1). The Complaint is before the Court for screening under 28 U.S.C. § 1915A, which requires dismissal of any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant. 28 U.S.C. § 1915A(a)-(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 11-16): Major John Doe denied Plaintiff seating during visitation on or around January 22, 2022, so Plaintiff was required to get down on his knees and squat "execution-style." *Id*. at 16. When he asked Lieutenant Reid for a stool or chair, the officer denied his request because Plaintiff was in "max." *Id*. at 11. Plaintiff filed a grievance to complain about the issue later the same day. *Id*. at 15.

1

In retaliation for filing the grievance, Lieutenant Reid denied Plaintiff video visitation and moved him into isolation on January 23, 2022. He remained there for 30-40 days. *Id*. Major John Doe, Placement Officer Jane Doe, Programs Warden John Doe, Warden Brookhart, and Warden Jennings were also "involved." *Id*. at 16.

While in segregation, Lieutenant Reid only allowed porters to clean the showers once and would not let anyone clean Plaintiff's cell, including Plaintiff. Correctional Officer John Doe and Sergeant John Doe also denied Plaintiff cleaning supplies. As a result, Plaintiff's wing was "nasty" with "spiders, bugs, mold, and musty smell[s]." *Id*. at 15-16.

Lieutenant Reid conducted two shakedowns of Plaintiff's cell on or around March 10, 2022 and March 23, 2022. In the process, the officer confiscated personal property and pictures without due process and in retaliation against Plaintiff for filing grievances.

## Preliminary Dismissals

Plaintiff names C/O Khobe as a defendant in the Complaint but makes no allegations against him. Merely invoking the name of a potential defendant is not enough to state a claim because the defendant cannot be said to have notice of which claims, if any, are directed against him. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998); FED. R. CIV. P. 8(a)(2). Therefore, C/O Khobe will be dismissed from this action without prejudice.

## Discussion

Based on the allegations, the Court designates the following claims in this *pro se* Complaint:

> **Count 1:**   First Amendment retaliation claim against Lieutenant Reid for responding to Plaintiff's grievance about the denial of seating at visitation on or around January 22, 2022, by denying Plaintiff video visitation the next day, transferring him to segregation for 30-40 days, denying him clean living conditions for 30-plus days, and confiscating his personal property.

| | |
|---|---|
| **Count 2:** | Eighth Amendment claim against Major John Doe and/or Lieutenant Reid for denying Plaintiff seating at visitation on or around January 22, 2022. |
| **Count 3:** | Eighth Amendment claim against Lieutenant Reid for subjecting Plaintiff to unconstitutional living conditions in segregation for 30-plus days. |
| **Count 4:** | Fourteenth Amendment claim against Lieutenant Reid, Major John Doe, Placement Officer Jane Doe, Warden Brookhart, Warden Jennings, and Warden John Doe for their involvement in Plaintiff's transfer into segregation for 30-40 days without due process beginning January 23, 2022. |
| **Count 5:** | Fourteenth Amendment claim against Lieutenant Reid for confiscating and/or destroying Plaintiff's personal property during two cell shakedowns on March 10, 2022 and March 23, 2022. |

Any other claim that is mentioned in the Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## Count 1

An inmate has a First Amendment right to file grievances and lawsuits. *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010). To state a First Amendment retaliation claim, a plaintiff must plead facts suggesting that: (1) he engaged in constitutionally protected speech; (2) he suffered a deprivation likely to deter the protected speech; and (3) his protected speech was a motivating factor in the defendant's actions. *Antoine v. Ramos*, 497 F. App'x 631, 634 (7th Cir. 2012).

Here, Plaintiff alleges his grievance dated January 22, 2022 prompted Lieutenant Reid to deny him video visitation on January 23, 2022, transfer him into segregation for 30-40 days on January 23, 2022, expose him to filthy living conditions for 30-plus days beginning January 23, 2022, and confiscate and/or destroy his personal property. These allegations are sufficient to state a viable claim in Count 1 against Lieutenant Reid.

**Counts 2 and 3**

To state a colorable Eighth Amendment claim based on prison conditions, a plaintiff must plead facts suggesting he was denied "the minimal civilized measure of life's necessities," amounting to a serious deprivation of basic human needs that created an excessive risk to health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The plaintiff must also sufficiently allege that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm from the conditions. *Farmer*, 511 U.S. at 842.

In Count 2, Plaintiff describes the denial of adequate seating during a single visitation on January 22, 2022. He offers no details about the duration of this incident or any resulting harm to him. As such, the allegations describe a temporary inconvenience that does not trigger Eighth Amendment protections. Therefore, Count 2 will be dismissed without prejudice for failure to state a claim.

In Count 3, Plaintiff complains of dirty living conditions in segregation. He describes an unclean shower, dirty cell, and lack of cleaning supplies that lasted a month. He offers no details about the nature of the filth, dirt, and/or bugs, and describes no harm that resulted from his exposure to these living conditions, such as negative health effects. These allegations are insufficient to support an Eighth Amendment claim against any defendants. Accordingly, Count 3 will also be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Count 4**

Prison officials violate the Fourteenth Amendment when they deprive an inmate of a protected liberty interest without due process. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). To

state a colorable due process claim in the prison disciplinary context, an inmate must plead facts suggesting the existence of a protected liberty interest sufficient to trigger due process protections and one or more violations of these due process protections. *Id*.

Plaintiff's allegations do not state a colorable claim. He alleges he was transferred into segregation for one month for no clear disciplinary reason at all. *See Thomas v. Ramos,* 130 F.3d 754, 761 (7th Cir. 1997) (finding no inquiry into the specific conditions necessary for shorter periods of confinement in segregation, such as 70 days). Therefore, Count 4 will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Count 5

To proceed with a Fourteenth Amendment claim based on a loss of property, Plaintiff must sufficiently allege a deprivation of property without due process of law. U.S. CONST. amend XIV. However, if the state provides an adequate remedy, Plaintiff has no cognizable civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy).

Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999). Accordingly, Count 5 will be dismissed without prejudice to Plaintiff separately pursuing relief in the Illinois Court of Claims.

### Disposition

The Complaint (Doc. 1) survives § 1915A screening, as follows: **COUNT 1** will proceed against **LIETENANT REID**, in his individual capacity, and this claim is **DISMISSED** without prejudice against all other defendants. **COUNTS 2, 3, 4,** and **5** are **DISMISSED** without prejudice against **ALL DEFENDANTS** for failure to state a claim for relief.

The Clerk shall prepare for **LIEUTENANT REID:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendant should only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **14 days**

after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   October 22, 2024**          *s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

Once identified, the Court will take the necessary steps to notify the Defendant of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.